Approved: _____
ALLISON NICHOLS / JACOB WARREN
Assistant United States Attorneys

Before:   THE HONORABLE ROBERT W. LEHRBURGER
          United States Magistrate Judge
          Southern District of New York

**18 MAG 4886**

- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :   **COMPLAINT**

          - v. -                    :   Violations of
                                        18 U.S.C. §§ 922(g),
LAWRENCE NEWKIRK,                   :   924(c), and 2; 21 U.S.C.
                                        § 841
                  Defendant.        :

                                        COUNTY OF OFFENSE:
                                    :   BRONX

                                    :

- - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

        JOANNA BECK, being duly sworn, deposes and says that
he is a Special Agent with the Bureau of Alcohol, Tobacco,
Firearms and Explosives (the "ATF"), and charges as follows

COUNT ONE

        1.   On or about June 6, 2018, in the Southern
District of New York, LAWRENCE NEWKIRK, the defendant, after
having been convicted in a court of a crime punishable by
imprisonment for a term exceeding one year, knowingly did
possess, in and affecting commerce, a firearm, to wit, a Phoenix
Arms Company .22 caliber pistol, which had been previously
shipped and transported in interstate and foreign commerce.

        (Title 18, United States Code, Section 922(g)(1).)

COUNT TWO

        2.   On or about June 6, 2018, in the Southern
District of New York, LAWRENCE NEWKIRK, the defendant, during
and in relation to a drug trafficking crime for which he may be
prosecuted in a court of the United States, namely, the
controlled substance distribution changed in Count Three of this

2

Complaint, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

COUNT THREE

3.    On or about June 6, 2018, in the Southern District of New York, LAWRENCE NEWKIRK, the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

4.    The controlled substance involved in the offense was mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

5.    I am a Special Agent with the ATF.  This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals.  Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6.    Based on my review of New York City Police Department ("NYPD") reports, I have learned, among other things, the following:

a.    On or about June 6, 2018, two police officers and a sergeant with the NYPD ("Officer-1," "Officer-2," "Sergeant-1," and, collectively, the "Officers") were in the vicinity of 172nd Street and Vyse Avenue in the Bronx, New York. The Officers observed multiple individuals in back of a nearby building located at 1493 Vyse Avenue.  Officer-1 and Sergeant-1

3

approached the back of the building, while Officer-2 stayed out front.  Officer-1 saw an individual later identified as LAWRENCE NEWKIRK, the defendant, smoking what appeared to be a marijuana cigarette and noticed a strong smell of marijuana.  When NEWKIRK saw Officer-1 and Sergeant-1, he dropped the cigarette and began running.

        b.      Officer-1 called out to Officer-2, who intercepted NEWKIRK near the front of the building.  Officer-2 asked NEWKIRK what he was running for, and NEWKIRK replied, in sum and substance, that he was just trying to smoke.  Officer-2 placed NEWKIRK under arrest, and upon patting him down, felt a firearm in his front waistband.  Officer-2 said to Officer-1, in substance, he's got one on him, and at that point NEWKIRK began to struggle and attempt to get away.  During the struggle, NEWKIRK reached for the firearm at his waist.

        c.      The Officers called for backup, and numerous officers responded, including an officer with Bronx Anticrime ("Officer-3").  NEWKIRK was placed in handcuffs.

        d.      Officer-3 recovered a silver and black Phoenix Arms Company .22 caliber pistol (the "Firearm") from NEWKIRK's front waistband area.  The Firearm was loaded with one round in the chamber and six in the magazine.  The serial number on the Firearm had been scratched out so as to be partially obliterated.

        e.      Officer-3 also recovered ten small baggies containing a substance that appeared to be cocaine base or "crack".

        7.      Based on my training and experience, and my communications with other law enforcement agents, including a Special Agent from the ATF who is familiar with the manufacturing of firearms, I know the Firearm, which was manufactured by Phoenix Arms Company, was not manufactured in New York State.

        8.      After LAWRENCE NEWKIRK, the defendant, was arrested on June 6, 2018, NEWKIRK was advised of his Miranda rights and subsequently agreed to waive those rights in a video recorded interview.  NEWKIRK admitted, in substance and in part, that he had been in possession of the Firearm earlier in the day.  NEWKIRK also admitted that the substance in the baggies on

4

his person when he was arrested was crack cocaine and that it was for resale.

       9.    I have reviewed criminal history records pertaining to LAWRENCE NEWKIRK, the defendant, and learned that NEWKIRK was convicted in Bronx County Supreme Court on or about January 31, 2013 for Criminal Possession of a Weapon-2nd Degree: Loaded Firearm, in violation of New York Penal Law Section 265.03, a Class C Felony, for which NEWKIRK was sentenced to 42 months' imprisonment to be followed by 30 months of post-release supervision.

       WHEREFORE, deponent respectfully requests that LAWRENCE NEWKIRK, the defendant, be imprisoned or bailed, as the case may be.

_____
JOANNA BECK
Special Agent, ATF


Sworn to before me this
7th day of June, 2018

_____
THE HONORABLE ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK